O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3469 ODW (SHx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | *Pablo Camarillo  v. City of Maywood, et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | | |
|---|---|---|---|
| Raymond Neal | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):     Attorneys Present for Defendant(s):

Not Present                              Not Present

**Proceedings (In Chambers):    Defendants' Motions to Dismiss [66] [68]**

## I.    INTRODUCTION

Plaintiff Pablo Camarillo ("Plaintiff") brings this RICO and Civil Rights Complaint against Defendants City of Maywood ("City"), the Maywood-Cudahy Police Department ("Police Department"), Bruce Leflar ("Leflar"), in his individual and official capacity, Paul Pine ("Pine"), in his individual and official capacity, Officers Cunningham, West Florez, Vizcarra and Does 1-10 (collectively, "Defendants").[1] [2]

For the most part, Plaintiff's Corrected Second Amended Complaint ("CSAC")[3] contains sprawling, boilerplate and, in many cases, irrelevant allegations.  Indeed, the factual allegations giving rise to Plaintiff's claims are culled from one paragraph within

---

[1] Initially, Plaintiff was one of 22 plaintiffs who alleged RICO and Civil Rights violations against the named Defendants herein.  Pursuant to Fed. R. Civ. P. 20 and 21, the Court severed each individual party and their respective claims, thereby creating 9 separate lawsuits.  *See Gonzalez, et al. v. City of Maywood, et al.*, CV 07-03469 ODW (SHx), Docket #43.  Following the Court's order, Plaintiff, individually, filed the instant lawsuit on May 12, 2008.

[2] Although Plaintiff has named 30 Doe defendants, Local Rule 19-1 allows for no more than 10 Doe or fictitiously named parties.

[3] Pursuant to the parties' stipulation, Plaintiff has filed a "corrected" version of his previously filed second amended complaint.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3469 ODW (SHx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | *Pablo Camarillo  v. City of Maywood, et al.* | | |

his complaint.  Plaintiff alleges that on May 28, 2005, Defendant Cunningham, and other unknown police officers, battered him, striking his (Camarillo's) head with flashlights and/or guns and punched him in the rib cage.  (CSAC ¶11.)  Cunningham also destroyed Camarillo's stereo equipment and struck Camarillo in the face, breaking his nose.  (*Id.*)  Camarillo's father and girlfriend witnessed these events.  (*Id.*)  It is alleged that Defendants West, Florez and Vizcarra were also participants in the aforementioned conduct.  (*Id.*)

Now before the Court is Defendants' City, Police Department, Leflar, Pine, and Vizcarra's Motion to Dismiss Plaintiff's CSAC pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, Motion for More Definite Statement pursuant to Fed. R. Civ. P. 12(e) [68].  Defendants Cunningham and Florez have filed a separate Rule 12(b)(6) Motion to Dismiss [66].  The Court finds this matter suitable for decision without oral argument.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  For the following reasons, Defendants' Motions are GRANTED in part and DENIED in part.

## II.   DISCUSSION

Defendants City, Police Department, Leflar, Pine, West and Vizcarra move to dismiss Plaintiff's first, second, third, fourth, fifth, sixth, eleventh and twelfth causes of action, or, in the alternative, for a more definitive statement under Rule 12(e).  Defendants Cunningham and Florez move separately to dismiss all of Plaintiff's claims against them.  The Court addresses both Motions together.

   A.   *Legal Standard*

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")).  "Factual allegations must be enough to raise a right to relief above the speculative level, [citations], on the assumption that all the allegations in

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3469 ODW (SHx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | *Pablo Camarillo v. City of Maywood, et al.* | | |

the complaint are true (even if doubtful in fact)." *Twombly*, 127 S.Ct. at 1965 (citations omitted).

    *B.    Plaintiff's RICO Claim is Dismissed*

"To state a civil RICO claim, plaintiffs must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiffs' 'business or property.'" *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir.2001); *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). Additionally, in order to seek a civil remedy for a RICO violation, a "person [must be] injured in his business or property by reason of a violation of section 1962" of the RICO statute. 18 U.S.C. § 1964(c); *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 495 (1984).

Plaintiff's CSAC fails to sufficiently allege a RICO claim. First, "government entities are incapable of forming [the] malicious intent necessary to support a RICO action." *Pedrina v. Chun*, 97 F.3d 1296, 1300 (9th Cir.1996); *Lancaster Cmty. Hosp. v. Antelope Valley Hosp.*, 940 F.2d 397, 404 (9th Cir.1991). For that reason, Plaintiff fails to state a RICO claim against the City, the Police Department and all individual Defendants sued in their official capacity. Indeed, Plaintiff accepts as much, focusing instead on the CSAC's allegations that "the *individual* defendants were engaged in an enterprise whose racketeering activities included, [among other things, condoning and encouraging fabrication of evidence, a 'code of silence,' coverups and acceptance of bribes, kickbacks and other illicit compensation]." (Opp'n at 3-4; CSAC ¶ 42) (emphasis added).

Second, Plaintiff has not adequately plead standing to maintain a RICO cause of action. It is well-settled that personal injuries are not compensable under RICO. *See Oscar v. Univ. Students Co-op. Ass'n*, 965 F.2d 783, 785 (9th Cir. 1992). To the contrary, a RICO injury must be "a concrete financial loss, and not mere injury to a valuable intangible property interest." *Id.* A plaintiff cannot maintain a RICO claim where the loss he has suffered is "purely speculative." *Id.; Berg v. First State Ins. Co.*, 915 F.2d 460, 463-64 (9th Cir.1990).

Plaintiff alleges "[b]y reason of defendants' wrongful acts, Plaintiff was injured in

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3469 ODW (SHx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | *Pablo Camarillo v. City of Maywood, et al.* | | |

Plaintiff's business and/or property, including but not limited to being unable to work and earan [sic] money, and Plaintiff will in the future be injured . . . by sustaining a loss and impairment of earnings and earning capacity. . . . (CSAC ¶ 36.) Further, Plaintiff alleges an injury to his property, including "his right and/or causes of action to obtain redress and compensation for the wrongs committed against Plaintiff." (CSAC ¶ 36.)

These purported factual allegations are nothing more than legal conclusions dressed up as factual guesses. As to the latter allegation, even assuming the right to obtain redress is a compensable RICO injury, this lawsuit alone undermines any alleged infringement upon that right. As to the former, while the Ninth Circuit has recently held that loss of employment and employment opportunities may constitute injury to business or property within the meaning of RICO, *Diaz v. Gates*, 420 F.3d 897, 901 (9th Cir.2005) (en banc) (per curiam), Plaintiff offers no *facts* capable of supporting his property injury. For example, in stark contrast to *Diaz*, Plaintiff does not allege that he has actually lost employment or employment opportunities because he was forced to defend against unjust charges while unjustly incarcerated. In fact, Plaintiff fails to even allege he was arrested or incarcerated at all, let alone forced to defend against any charges. Instead, Plaintiff's allegations merely recite what *may be* considered a property interest under RICO and are insufficient by themselves to state an injury thereunder. *See Twombly*, 127 S.Ct. at 1965 ("[A] formulaic recitation of the elements of a cause of action will not do."). Thus, because Plaintiff has not sufficiently plead a RICO injury, he has no standing to bring a RICO claim.

Third, even assuming Plaintiff could have standing to maintain a RICO claim, his CSAC fails for another, equally relevant reason: Plaintiff fails to allege a *pattern* of racketeering activity. Of course, any analysis pertaining to a "pattern" of racketeering presupposes that Plaintiff has sufficiently alleged *a* racketeering activity. In this case, Plaintiff's CSAC is extremely vague in alleging what it is that constitutes the actual "predicate act" or "racketeering activity."[4] Plaintiff's Opposition, however, suggests that

---

[4] For example, Plaintiff's CSAC contains numerous allegations regarding an unlawful "towing scheme." (CSAC ¶¶ 21-25; 39-41.) The CSAC also alleges, without any factual support, predicate acts of "fraud, fraud by wire, obstruction of justice, kidnaping and bribery." (CSAC ¶ 12.) While the former in

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3469 ODW (SHx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | *Pablo Camarillo v. City of Maywood, et al.* | | |

the "predicate acts for plaintiff's RICO claim are obstruction of justice." (Opp'n at 5.) Whatever Plaintiff's asserted "predicate act" may be–obstruction, bribery, towing, etc.–his claim nonetheless fails because he has not demonstrated the requisite "pattern" of racketeering activity. All of Plaintiff's factual allegations capable of supporting a racketeering activity arise from a single incident occurring on May 28, 2005. And though Plaintiff's CSAC alleges that "defendants' code of silence and conspiracy to obstruct justice is and was operative in many state and federal proceedings . . . ," (Compl. ¶ 43), without more, "this conclusory allegation is insufficient to establish the requisite element of a pattern of racketeering activity." *S.R. Curry*, 497 F.Supp.2d at 1137; *see id.* (allegation that "Defendants unlawfully have engaged in the racketeering activities . . . on perhaps 100 occasions during the past 10 years," insufficient to establish a pattern of racketeering activity when the acts in question stemmed from only a single incident).

Finally, to the extent Plaintiff asserts a RICO conspiracy claim under § 1962(d), that claim fails. Under § 1962(d), a plaintiff must show that defendants objectively manifested their agreement to participate in a racketeering enterprise through the commission of two or more predicate crimes. *See Baumer v. Pachl*, 8 F.3d 1341, 1346-47 (9th Cir. 1993). "In a RICO conspiracy, as in all conspiracies, agreement is essential." *Id.* at 1346. Like the complaint in *Baumer*, Plaintiff's CSAC is "bereft of any allegation of 'conspiracy' or 'agreement' . . . . Nor are facts pled sufficient to infer such an [agreement]." *Id.*

Thus, for the foregoing reasons, Plaintiff has failed to sufficiently plead his RICO and RICO conspiracy claims against all Defendants. As a result, those claims are DISMISSED. Given the procedural aspect of this case, including the fact that any amendment would be futile, if not in bad faith, dismissal is *without* leave to amend.

    C.    *§ 1983 - Plaintiff's Second and Third Causes of Action*

---

no way constitutes a racketeering activity under § 1961, the latter, though broad and factually unsupported, suffice. *See* 18 U.S.C. § 1961; *S.R. Curry v. Baca, et al.*, 497 F.Supp.2d 1128, 1137 (C.D. Cal. July 23, 2007).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3469 ODW (SHx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | *Pablo Camarillo v. City of Maywood, et al.* | | |

Plaintiff's second cause of action alleges *Monell* liability against the municipal Defendants and supervisorial liability under 42 U.S.C. § 1983 against Defendants Leflar and Pine. Plaintiff's third cause of action alleges a violation of civil rights under § 1983 against all individually named Defendants. Because there is substantial overlap with respect to these two claims, the Court separates them by the capacity in which each Defendant is being sued.

### I. *Monell Liability and Official Capacity*

As a preliminary matter, Plaintiff's *Monell* claim against the City and the Police Department survives as Defendants have not moved to dismiss it. With respect to Plaintiff's § 1983 claims against Defendants in their *official* capacities, those claims are DISMISSED without leave to amend. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 n. 55 (1978) (noting that official capacity suits are generally another way of pleading an action against an entity of which the officer is an agent); *accord Luke v. Abbott*, 954 F.Supp. 202, 203 (C.D. Cal. 1997) ("when both an officer and the local government entity are named in a lawsuit and the officer is named in official capacity only, the officer is a redundant defendant and may be dismissed.") (citation omitted).

### ii. *Individual Capacity*

Defendants' Motions with respect to Plaintiff's Second and Third cause of action against all individually named Defendants in their *individual* capacities are granted in part and denied in part.

First, Plaintiff's supervisorial liability claims against Leflar and Pine are dismissed with leave to amend. "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). And, in the context of a Rule 12b(6) motion, the Federal Rules' normal notice pleading requirements are heightened when a § 1983 defendant faces personal liability for supervisory conduct. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). In such a case, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3469 ODW (SHx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | *Pablo Camarillo v. City of Maywood, et al.* | | |

involved in the deprivation of his civil rights." *Id.* Here, Plaintiff fails to adequately allege that Leflar and Pine directly participated in, directed or knew of others' constitutional violations. To begin, Leflar and Pine had no direct, physical participation in the alleged wrongs committed upon Plaintiff. Indeed, Plaintiff alleges that his constitutional rights were violated at the hands of Officer Cunningham, with Officers West, Florez and Vizcarra participating. (CSAC ¶ 11.) Moreover, bare allegations that Leflar and Pine's "actions and inactions in tolerating, condoning and/or promoting supervisorial practices and policies that proximately causes unconstitutional practices and polices that, in turn, causes plaintiff's injuries," (Opp'n at 5; CSAC ¶¶ 44-48), are insufficient. Again, such allegations merely recite the legal requirements of supervisorial liability under § 1983.

Plaintiff alleges no *facts* as to how Leflar or Pine maintained, enforced, tolerated, acquiesced, ratified or applied the broad policies set forth in Plaintiff's CSAC. The Court will not permit a fishing expedition based on boilerplate allegations. Thus, Plaintiff's § 1983 claims against Leflar and Pine are DISMISSED, without prejudice.[5] Plaintiff is forewarned that any amendment which points to Leflar and Pine's alleged "cover-up" of Fourth Amendment violations by other police officer defendants is unripe for judicial review and incapable of saving his claim. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 625 (9th Cir.1988) (noting that cover-up claims are not ripe for judicial review because the ultimate resolution of the present suit remains in doubt).

Second, as to the other named individual Defendants, Plaintiff's § 1983 claim

---

[5] The Court acknowledges that a "realistic, common-sense" application of pleading standards must account for Plaintiffs' excusable lack of detail concerning supervisors' interactions with employees. *See McGrath v. Scott*, 250 F.Supp.2d 1218, 1227 (D. Ariz. 2003). Nevertheless, bald assertions such as those described above are insufficient to establish supervisorial liability under § 1983. Indeed, the Court's conclusion is not without precedent. *See e.g. Davis v. County of Nassau*, 355 F.Supp.2d 668, 676-77 (E.D.N.Y. 2005) (dismissing claim against supervisors for failure to offer specific facts indicating personal involvement); *Rodriguez-Vasquez v. Cintron-Rodriguez*, 160 F.Supp.2d 204, 211-12 (D.P.R. 2001) (dismissing claim against supervisor for failure to allege facts that "affirmatively connect the supervisor's conduct to the subordinate's violative act or omission").

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3469 ODW (SHx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | *Pablo Camarillo v. City of Maywood, et al.* | | |

survives, in part. In order to establish a § 1983 claim, two elements must be satisfied: "(1) the conduct complained of must have been under color of state law, and (2) the conduct must have subjected the plaintiff to a deprivation of constitutional rights." *Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (citing *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir.1976)). Mere conclusory allegations, without factual support, are insufficient to state a claim under § 1983. *Id.* (quoting *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir.1977)). Here, with respect to Defendant Cunningham, Plaintiff's allegations state a § 1983 claim for excessive force under the Fourth Amendment. The Court, however, finds Plaintiff's allegations that "West, Florez and Vizcarra were participants in the above conduct," insufficient to state a claim against those respective Defendants. Moreover, the Court is not persuaded that Plaintiff has alleged any First Amendment violation and to the extent Plaintiff alleges excessive force in violation of his *Fourteenth* Amendment rights, that claim is dismissed. *See Graham v. Connor*, 490 U.S. 386 , 395 (1989) (noting that claims of excessive force are analyzed under the Fourth Amendment, not the Fourteenth). Thus, Plaintiff's third cause of action is dismissed, without prejudice, but only with respect to Defendants West, Florez, Vizcarra, Leflar and Pine.

Finally, Plaintiff's allegations that all individually named Defendants "did do all of the above in a conspiratorial manner," is insufficient to state a conspiratorial liability claim under § 1983. To state a conspiracy claim under § 1983, the Ninth Circuit requires a Plaintiff to plead with particularity which defendants conspired, how they conspired and how the conspiracy led to a deprivation of a plaintiff's constitutional rights. *See Harris v. Roderick*, 126 F.3d 1189, 1195-96 (9th Cir. 1997); *see also Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (conclusory allegations of conspiracy are insufficient to state a claim for conspiracy under § 1983). Plaintiff's allegations fall woefully short of this standard. Thus, to the extent Plaintiff's third cause of action seeks a remedy for conspiratorial liability under § 1983, that claim is dismissed, without prejudice. Should Plaintiff choose to amend, he must allege which Defendants conspired, with whom each conspired, an overt act and causation.

> D.   *§§ 1985(2), (3) - Plaintiff's Fourth and Fifth Causes of Action*

**O**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3469 ODW (SHx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | *Pablo Camarillo v. City of Maywood, et al.* | | |

In Counts Four and Five, Plaintiff asserts a claim against all individually named Defendants for violation of 42 U.S.C. §§ 1985 (2) and (3). All Defendants move to dismiss these claims on the ground that Plaintiff failed to plead the elements of his conspiracy claim with the requisite specificity.

As an initial matter, the Court observes that Plaintiff has failed to state a conspiracy claim under § 1985(2) as Plaintiff has not alleged that any of the moving Defendants conspired to deny him access to the courts. *See Portman v. County of Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993) (noting that § 1985(2) protects an individual's right to access state and federal courts).

Plaintiff has also failed to plead the requisite elements of a § 1985(3) claim with the required specificity. In order to establish a claim under § 1985(3) a plaintiff must establish: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury. *Scott v. Ross*, 140 F.3d 1275, 1284 (9th Cir.1998). Under section 1985, "[a] mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi*, 839 F.2d at 626. Additionally, a plaintiff must plead "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Grifin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

Like Plaintiff's deficient conspiracy allegations under § 1983, Plaintiff's CSAC alleges various acts of excessive force at the hands of Officer Cunningham, but fails to adequately allege facts that any of the Defendants agreed among themselves to deprive Plaintiff of the equal protection of the laws because of class-based, invidious animus. Plaintiff merely alleges that "Defendants, and two or more of them, conspired for the purpose of: (a) depriving Plaintiff of (1) equal protection of the law . . . ," (CSAC ¶ 54), and that "Defendants' conspiracy was and is motivated by animus directed against Plaintiff because of his race, color or national origin, and/or by . . . other class-based, invidiously discriminatory animus directed against Plaintiff." (CSAC ¶ 50.) Plaintiff's legal conclusions regarding conspiracy and class-based discrimination without factual specificity are, again, insufficient. *See Karim-Panahi*, 839 F.2d at 626. Accordingly, Plaintiff's Fourth and Fifth causes of action are DISMISSED, without prejudice.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3469 ODW (SHx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | *Pablo Camarillo  v. City of Maywood, et al.* | | |

   E.   *Sixth Cause of Action - Cal. Const. Article I, §§ 1, 7 and 13*

Plaintiff brings his Sixth Cause of Action under the California Constitution directly–namely, Article I §§ 1,[6] 7,[7] and 13.[8]  Defendants argue that Plaintiff may not sue for monetary damages directly under Article I §§ 1, 7 and 13.  With respect to claims brought under §§ 1 and 7, they are correct.  *See Katzberg v. Regents of Univ. of Cal.*, 29 Cal. 4th 300, 303 (Cal. 2002) (Cal. Const. art I, § 7); *accord Reinhardt v. Santa Clara County*, 2006 WL 662741 at *7-8 (N.D. Cal. Mar. 15, 2006) (same); *Smith v. County of Riverside*, No. EDCV 05-00512 VAP (SGLx) at *16-18 (C.D. Cal. May 16, 2006) (Cal. Const. art I, § 1); *accord Dorame v. County of Los Angeles, et al.*, No. CV 05-04676 AHM (Ctx) at *11-12 (C.D. Cal. July 27, 2006) (same).  Accordingly, Plaintiff's claims under Cal. Const. art I, §§ 1 and 7 are DISMISSED as to all Defendants.  Because amendment would be futile, dismissal is *with prejudice*.

As to Plaintiff's claim under Article I, § 13, however, Plaintiff's claim survives. *See Smith*, EDCV 05-00512 VAP (SGLx) at *20 ("the California Supreme Court's implied endorsement of a damages action for a violation of the prohibition against unlawful searches and seizures in *Katzberg* leads the Court to believe that the California Supreme Court would permit such an action.").  Defendants attempt to refute this established finding by citing to *Clemmons v. City of Long Beach*, 2008 WL 2483915 at *2 (9th Cir. June 19, 2008).  The unpublished nature of this opinion notwithstanding, *Clemmons* does not stand for the proposition that a claim for damages cannot proceed under § 13. *Clemmons*  merely recognized what this District has already considered; i.e.

---

[6] "All people are by nature free and independent and have inalienable rights.  Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."  Cal. Const. art. I, § 1.

[7] "A person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws. . . ."  Cal. Const. art. I, § 7(a).

[8] "The right of the people to be secure in their persons, houses, papers, and effects against unreasonable seizures and searches may not be violated . . . ."  Cal. Const. art. I, § 13.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3469 ODW (SHx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | *Pablo Camarillo v. City of Maywood, et al.* | | |

the California Supreme Court's failure to *expressly* decide whether there are tort claims founded under the state's constitution alone. *See Clemmons*, 2008 WL 2483915 at *2 ("Whether the California Supreme Court will ultimately decide that there are tort claims founded on the California Constitution alone is problematic.") (citation omitted). As discussed above, further analysis of *Katzberg* demonstrates the California Supreme Court's implied recognition of a damages claim under Article I, § 13. *See Smith, supra,* at *18-20. What *Clemmons* makes clear is that even if California expressly states what has already been implied, "that is far from saying that the statutory immunities would not apply." *Clemmons, supra,* at *2. In other words, *Clemmons* implicates only the applicability of statutory immunities to torts based upon the California Constitution. Thus, Plaintiff's § 13 claim survives.

    F.    *Cal. Civ. Code § 1714 - Plaintiff's Eleventh and Twelfth Causes of Action*

California's Tort Claims Act provides that public entities are not liable for injuries "[e]xcept as otherwise provided by statute." Cal. Gov. Code § 815(a). As such, a claim of *direct* liability against a public entity for negligence must be based on a specific statute creating a duty of care rather than on the general tort provisions embodied in Civil Code § 1714. *See Eastburn v. Reg'l Fire Protection Auth.*, 80 P.3d 656, 660 (Cal. 2003).

Public entities, however, are "liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment." Cal. Gov. Code § 815.2(a). The court also recognizes that a public employee is liable for injury to the same extent as a private person, "except as otherwise provided by statute." Cal. Gov. Code. § 820(a). Therefore, § 812.2(a) provides for *respondeat superior* liability against public entities where their employees acted negligently within the scope of their employment.

Plaintiffs's CSAC makes clear that the City, the Police Department, and the supervisor defendants are being sued both directly and under a theory of *respondeat superior*. The individual officer defendants are being sued directly for general negligence.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3469 ODW (SHx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | *Pablo Camarillo v. City of Maywood, et al.* | | |

      *I.    Negligent Employment*

      Plaintiff's eleventh cause of action seeks to impose liability against the City, the Police Department, and the supervisor defendants for negligence in connection with the employment, retention, supervision, training, and control of Maywood-Cudahy police officers. (CSAC ¶ 74). As discussed above, Defendants cannot be held *directly* liable for negligence unless a specific statute declares them to be liable or creates a specific duty of care. *See Eastburn*, 80 P.3d at 660.

      In *Munoz v. City of Union City*, the court held that California law does not provide a statutory basis to maintain a direct tort claim against a city, its police department, and its chief of police for their alleged "negligence in the selection, training, retention, supervision, and discipline of police officers." 16 Cal.Rptr.3d 521, 548 (Ct. App. 2004). Furthermore, several District Courts have followed *Munoz* and dismissed similar claims. *See, e.g. Estate of Bojcic v. City of San Jose*, 2007 WL 3232221, *2 (N.D.Cal.); *Megargee v. Wittman*, 2006 WL 2988945, *10 (E.D.Cal.); *Castro v. City of Hanford*, 2008 WL 203344, *7 (E.D.Cal.); *Galvan v. Yates*, 2006 WL 306909, *7 (E.D.Cal.); *Reinhardt v. Santa Clara County*, 2006 WL 662741, *6 (N.D.Cal.).

      Plaintiff cites only one case in support of his claim that these Defendants are directly liable for negligence: "the Supreme Court held that public entities may be sued for negligent hiring and supervision." (Plaintiff's Opp. at 11.) This assertion misstates the holding of *Grudt v. City of Los Angeles*, 486 P.2d 825 (Cal. 1970). The *Grudt* court merely allowed the plaintiff to amend her pleadings to allege a cause of action against a municipality for negligent retention of its police officers. *Id.* at 828. In doing so, the court also recognized that "no California authorities deal[t] with" the issue at that time. *Id.* To date, Plaintiff has cited no other authority, nor has the Court found any, capable of finding the City, Police Department and supervisor defendants *directly* liable for Plaintiff's alleged injuries. Accordingly, Plaintiff's eleventh cause of action against the City, the Police Department and the supervisor defendants for negligent training is DISMISSED without leave to amend. *See Galvan*, 2006 WL 206909 at *7; *Reinhardt*, 2006 WL 662741 at *6; *see also Castro*, 2008 WL 203344 at *7. The Court notes, and Defendants do not dispute, that those defendants may only be liable if it is found that their employees acted negligently within the scope of their employment; i.e. under a

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3469 ODW (SHx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | *Pablo Camarillo v. City of Maywood, et al.* | | |

theory of *respondeat superior*.

    *ii.    Negligence*

Plaintiff's twelfth cause of action seeks to hold all defendants liable under a general negligence theory for their alleged failure "to use and exercise reasonable care as is required by Civil Code § 1714." (CSAC ¶ 76.) Several of the acts alleged in the complaint–that officers assaulted Plaintiff with their flashlights and guns, destroyed his stereo equipment, and falsely arrested him–were arguably committed within the scope of employment. As previously discussed, public employees are liable in tort to the same extent as private individuals pursuant to Cal. Gov. Code § 820(a). Thus, Plaintiff has stated a negligence claim against the officer defendants. Furthermore, Defendants do not dispute that the City "can be held liable under a theory of respondent [sic] superior." (Reply at 8); *See Eastburn*, 80 P.3d at 658.

With respect to Plaintiff's claims against Leflar and Pine, Cal. Gov. Code § 820.8 grants them immunity from vicarious liability based on the acts of their subordinates. *See Weaver v. California*, 73 Cal.Rptr.2d, 571, 581(1998). Additionally, as discussed in the context of Plaintiff's § 1983 claim, Plaintiff has plead insufficient facts to state a claim that Leflar and Pine directly participated in or ratified the alleged wrongful acts of their officers. Thus, to the extent Plaintiff seeks to impose direct and *respondeat* superior liability against Leflar and Pine, his claims fails. Plaintiff's twelfth cause of action as to Leflar and Pine is therefore DISMISSED with leave to amend.

## III. CONCLUSION

Based upon the above analysis, the Court rules as follows:

(1) Plaintiff's first cause of action under RICO is DISMISSED without leave to amend;

(2) Plaintiff's second cause of action for *Monell* liability against the City and the Police Department survives, but Plaintiff's second cause of action against Defendants Leflar and Pine in their *official* capacities is DISMISSED

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3469 ODW (SHx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | *Pablo Camarillo v. City of Maywood, et al.* | | |

without leave to amend;

(3) Plaintiff's second cause of action for supervisorial liability against Defendants Leflar and Pine in their *individual* capacities is DISMISSED with leave to amend;

(4) Plaintiff's third cause of action is DISMISSED with leave to amend but only as to Defendants Leflar, Pine, West, Florez and Vizcarra. To the extent Plaintiff's third cause of action alleges a § 1983 conspiracy, that claim is DISMISSED with leave to amend;

(5) Plaintiff's fourth cause of action is DISMISSED with leave to amend;

(6) Plaintiff's fifth cause of action is DISMISSED with leave to amend;

(7) Plaintiff's sixth cause of action is DISMISSED without leave to amend only as to claims under Cal. Const. art I, §§ 1 and 7;

(8) Plaintiff's eleventh cause of action is DISMISSED without leave to amend; and

(9) Plaintiff's twelfth cause of action is DISMISSED with leave to amend but only as to Defendants Leflar and Pine.

The Court notes that correcting the deficiencies described herein presents quite a dubious and challenging task for Plaintiff. Should Plaintiff amend, he shall do so within twenty (20) days from the date of this Order. In doing so, however, the Court sincerely hopes that any amended complaint is the product of careful thought, deliberation and writing. "Cut and paste" allegations and frivolous references to independent investigations and judicial proceedings are not only difficult for the Court to decipher, but do nothing to sufficiently state Plaintiff's relevant claims. If nothing else, the fact that Plaintiff's counsel has cut and pasted the same insufficient allegations in all nine of the related Maywood cases, without tailoring any of them to the unique facts of each

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-3469 ODW (SHx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | *Pablo Camarillo  v. City of Maywood, et al.* | | |

case, completely undermines the credibility and genuine nature of his client's claims. The Court has carefully pointed out which claims are insufficient and why.  Any amended complaint shall address these deficiencies or risk being dismissed without further leave to amend.

**IT IS SO ORDERED**.

                                             ----  :  00

                          Initials of Preparer  RGN