


O

# United States District Court
# Central District of California

| | |
|---|---|
| PABLO CAMARILLO,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF MAYWOOD, et al.,<br><br>        Defendants.<br>_____<br><br>AND CONSOLIDATED CASES. | Case No. 2:07-cv-03469-ODW(SHx)<br><br>**ORDER DENYING AS MOOT PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S FEBRUARY 4, 2015 ORDER AWARDING ATTORNEYS' FEES [384]** |

     In 2010, Plaintiffs filed a Motion for Attorneys' Fees requesting $1,025,000 and the Court awarded $473,138.24.  (ECF Nos. 273, 315.)  They appealed and the Ninth Circuit vacated the fee award and remanded with instructions for re-computation.  (ECF No. 335.)  In 2014, Plaintiffs filed an unsolicited revised Motion for Attorneys' Fees that included several reductions, new calculations and declarations, but again requested $1,025,000.  (ECF No. 346.)  On February 4, 2015, the Court re-computed the fee request and awarded $242,141.35.  (ECF No. 346.)  On March 2, 2015, Plaintiffs filed a Motion for Reconsideration.  (ECF No. 384.)  Defendants timely opposed.  (ECF No. 388.)  Two days after filing for reconsideration, Plaintiffs filed a Notice of Appeal to the Ninth Circuit.  (ECF No. 386.)  In light of Plaintiffs' appeal,

the Court **DENIES AS MOOT** the Motion for Reconsideration.[1]

The Supreme Court has held that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 US 56, 58, 103 S. Ct. 400, 402 (1982) (per curiam). The Ninth Circuit has also held that filing a valid notice of appeal transfers jurisdiction to the court of appeals. *Mayweathers v. Newland*, 258 F3d 930, 935 (9th Cir. 2001); *Townley v. Miller*, 693 F3d 1041, 1042 (9th Cir. 2012).

The Court's February 4, 2015 Order addressed whether Plaintiffs were entitled to $1,025,000 for legal services that resulted in the settlement of eight lawsuits against the City of Maywood, its police department, and government for police misconduct and constitutional rights violations. (ECF No. 380.) This is the subject matter of Plaintiffs' Motion for Reconsideration and pending appeal. The Court has no basis to doubt the validity of the Notice of Appeal. Therefore, the Court must find that Plaintiffs' Notice of Appeal confers jurisdiction on Ninth Circuit and divests the district court of jurisdiction to reconsider the Court's February 4, 2015 Order.

Therefore, the Court **DENIES AS MOOT Plaintiffs' Motion for Reconsideration**. (ECF No. 384.)

**IT IS SO ORDERED.**

March 12, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.