O

# United States District Court
# Central District of California

| | |
|---|---|
| PABLO CAMARILLO,<br><br>           Plaintiff,<br><br>     v.<br><br>CITY OF MAYWOOD, et al.,<br><br>           Defendants.<br>_____<br><br>AND CONSOLIDATED CASES. | Case No. 2:07-cv-03469-ODW(SHx)<br><br>**ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION TO VACATE ORDER DENYING AS MOOT MOTION FOR RECONSIDERATION [391] AND DENYING ON THE MERITS PLAINTIFFS' MOTION FOR RECONSIDERATION [384]** |

     In 2010, Plaintiffs filed a Motion for Attorneys' Fees requesting $1,025,000 and the Court awarded $473,138.24. (ECF Nos. 273, 315.) They appealed and the Ninth Circuit vacated the fee award and remanded with instructions for re-computation. (ECF No. 335.) In 2014, Plaintiffs filed an unsolicited revised Motion for Attorneys' Fees that included several reductions, new calculations and declarations, but again requested $1,025,000. (ECF No. 346.) On February 4, 2015, the Court re-computed the fee request and awarded $242,141.35. (ECF No. 380.) On March 2, 2015, Plaintiffs filed a Motion for Reconsideration. (ECF No. 384.) Defendants timely opposed. (ECF No. 388.) Two days after filing for reconsideration, Plaintiffs filed a Notice of Appeal to the Ninth Circuit. (ECF No. 386.)

On March 12, 2015, the Court concluded Plaintiffs' pending appeal divested the district court of jurisdiction to decide the Motion and denied it as moot. (ECF No. 390.) However, appellate jurisdiction was immediately suspended until the Motion is determined. Fed. R. App. P. 4(a)(4)(A); Adv. Comm. Notes (1993 Amend.); *Leader Nat'l Ins. v. Industrial Indem. Ins.*, 19 F.3d 444, 445 (9th Cir. 1994.) Accordingly, the Court **GRANTS** Plaintiffs' Ex Parte Application to Vacate Order on Motion for Reconsideration and decides the Motion on the merits. (ECF No. 391.)

Federal Rule of Civil Procedure 60(b) permits a party to seek reconsideration of a final judgment or court order. The Central District of California Local Rules provide the proper bases for which a party may seek reconsideration:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision; (b) the emergence of new material facts or a change of law occurring after the time of such decision; or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

L.R. 7-18. Additionally, "[u]nder L.R. 7-18, a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent." *Pegasus Satellite Television, Inc. v. DirecTV, Inc.*, 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004).

Plaintiffs claim they move for reconsideration under L.R. 7-18 (c) because the Court's reduction to their hours is "a manifest showing of a failure to consider material facts presented to the Court before such decision." (Mot. 2.) However, Plaintiffs provide no genuine argument or evidence the Court failed to consider material facts. Instead, they argue the Court "misread what Plaintiffs' counsel said." (*Id*. at 5.) This is not a proper basis for reconsideration.

Nevertheless, the Court will address Plaintiffs' argument. Plaintiffs dispute the

1  Court's conclusion that they regularly performed once and billed across all eight cases
2  and point to examples where they allegedly did not engage in this practice. The Court
3  never concluded that Plaintiffs always engaged in this practice. In their 2014 Motion
4  for Attorneys' Fees, Plaintiffs explained:

> Where time is fairly allocable *across all the cases, as is the case in many circumstances*, Plaintiffs explain why this is appropriate. For example, the depositions of some high level police officials was [*sic*] conducted once for all cases rather than multiple times. In such circumstances, it is reasonable to allocate this time across all of the cases. The same is true of time spent on developing Plaintiffs' *Monell* theories as this work was directly relevant to all the cases.

Mot. 4. (citing Cook Decl. ¶¶ (A)-(B), 14–27, 34) (emphasis added).

Relying on Plaintiffs' own words, the Court concluded Plaintiffs performed once and billed across all the cases "in many circumstances." Though Plaintiffs did not do this in every circumstance, "when faced with a massive fee application the district court has the authority to make across-the-board percentage cuts in either the number of hours claimed or in the final lodestar figure 'as a practical means of trimming the fat from a fee application.'" *Gates v/ Deukmejian*, 987 F.2d 1392, 1399 (quoting *New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983)).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Because Plaintiffs fail to argue any proper bases for which a party may seek reconsideration, the Court **DENIES ON THE MERITS Plaintiffs' Motion for Reconsideration**.

**IT IS SO ORDERED.**

March 26, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**